# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–12–660

| | |
|---|---|
| ALLEN HALL | **Opinion Delivered** September 25, 2013 |
| APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, OSCEOLA DISTRICT |
| V. | [NO. CV-2009-128] |
| NANCY HALL and NANCY HALL ENTERPRISES, INC. fka and/or dba J.W. HALL AUTO SALES | HONORABLE RANDY F. PHILHOURS, JUDGE |
| APPELLEES | AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Allen Hall appeals from a directed verdict entered on his breach–of–contract claim against appellee Nancy Hall and her business, Nancy Hall Enterprises, Inc., d/b/a/ J.W. Hall Auto Sales. We affirm.

Appellee was married to appellant's brother, J.W. Hall, who owned an auto, salvage, and rental business. In 2005, J.W. Hall died, and appellee inherited the business. Appellant worked for the business before and after the death of J.W. Hall. Appellant asserts that when he informed appellee that he would no longer work for the business after J.W. Hall's debts were paid, appellee asked him to continue working for the business and agreed to transfer a one–half interest in the business and other property she inherited from her husband. Appellant contends that he accepted the offer, assumed additional responsibilities, and managed the

business. Appellee characterizes her offer to transfer an ownership interest in the business as a gift and that she only agreed to give appellant a one-third interest.

In 2008, appellee's attorney sent appellant some letters and paperwork gifting appellant a one-third ownership interest in J.W. Hall Auto Sales and other property. Appellant, however, believed that he was entitled to a one-half interest in the business and all property in which his brother had owned an interest, and sued appellee for breach of contract, unjust enrichment, and fraud. Appellee then refused to transfer any interest to appellant and filed counterclaims for unjust enrichment and conversion of business property.

The court conducted a jury trial. At the end of appellant's case, appellee moved for a directed verdict. The court denied the motion as to fraud and unjust enrichment, but granted it as to appellant's breach-of-contract claim, ruling that the parties had never reached an agreement and that appellant had stayed with the business only out of respect for his brother.

In determining whether a directed verdict should have been granted, we review the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Smith v. Heather Manor Care Ctr., Inc.*, 2012 Ark. App. 584, 424 S.W.3d 368. A motion for directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Id*. Substantial evidence is evidence of sufficient force and character to induce the mind of the fact-finder past speculation and conjecture. *Id*.

Appellant argues that the trial court erred in granting appellee's motion for directed verdict on the breach-of-contract claim. We disagree. The essential elements of a contract

are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Jordan v. Diamond Equip. & Supply Co.*, 362 Ark. 142, 207 S.W.3d 525 (2005). Appellant failed to produce substantial evidence of mutual agreement. Although he testified that appellee agreed to transfer a one-half interest in the business to him, the written documents reflected only a one-third interest. Thus, taking the evidence presented by appellant in the light most favorable to him—even if the parties were leaning toward creating a contract and not a gift—there was no meeting of the minds as to the percent of ownership to be transferred. The trial court did not, therefore, err in granting the motion for directed verdict.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Hale, Young & Partlow*, by: *James C. Hale, III* and *Laura E. Partlow*, for appellant.

*Banks Law Firm, PLLC*, by: *Charles A. Banks* and *Robert W. Francis*, for appellees.